# Beilstein's Estate.   Safe Deposit and Trust Co.'s Appeal.

*Will—Trusts.*

A will provided : " My daughter Gertie shall receive the income of my
property known as the Seaton House, as long as she lives, . . . . my ex-
ecutors to allow my daughter twenty-five dollars per month until she
reaches the age of twenty-one years. . . . All moneys left to be deposited
on interest, and my daughter Gertie to receive the benefit of it when she
becomes of age : " *Held* that the will created a trust for the daughter, to
continue until her majority, and under it the executors were entitled to
the possession and rents of the Seaton House.

*Illegitimates—Testamentary guardian.*

Although the daughter was illegitimate, it was immaterial whether the
effect of the will was to constitute the executors trustees or testamentary
guardians, the testator having power to do either as to property given by
his will.

Argued Nov. 6, 1891.   Appeal, No. 307, Oct. T., 1891, by
Safe Deposit & Trust Co., from decree of O. C. Allegheny Co.,
June T., 1891, No. 115, dismissing petition for citation.   Be-
fore PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS
and MITCHELL, JJ.

On June 6, 1891, the Safe Deposit & Trust Company of
Pittsburgh, guardian of Gertrude Beilstein, a minor daughter

of George P. Beilstein, Jr., deceased, presented a petition to the court below averring that by the terms of the will of the deceased, the said minor was entitled to the possession of the property known as the old Seaton House, situated at No. 34 Diamond Square, Pittsburgh, but that the executors appointed by said will unjustly and illegally held possession of said property and refused to deliver the same to the petitioner; praying for a decree requiring said executor to deliver to the petitioner full possession of said property, together with all leases and other legal papers relating to the same. A citation having been awarded and served upon the executors, they filed an answer averring that the will authorized them to collect the rent of the building until Gertrude Beilstein should arrive at the age of twenty-one years.

After hearing, the court OVER, J., filed the following findings, opinion and decree:

Geo. P. Beilstein, deceased, in his will made the following disposition of his estate:

"It is my desire that my daughter, Gertie Beilstein, shall receive the income of my property known as the old Seaton House, situated No. 34, Diamond Square, Pittsburgh, as long as she lives; but, should she die without leaving a family, then the property is to fall into the hands of my brothers and sisters, or their heirs; and my executors to allow my daughter twenty-five dollars per month until she reaches the age of 21 years. All personal property to be sold to the best and highest bidder and the money to go toward my monument and family lot."

He then bequeathed pecuniary legacies to different persons and disposed of the residue as follows:

"And all other money left, to be deposited in some good bank on interest, and my daughter Gertie Beilstein to receive the benefit of it when she becomes of age. Should she die in the meantime, then all the money goes to my brothers and sisters or their heirs."

In addition to the real estate mentioned in the will, the decedent left a leasehold appraised at $3,000 and $13,422.10 deposited in bank. His executors took possession of the real estate, and are collecting the rents and applying them, less the widow's share, to the support of his daughter, Gertie Beilstein.

The Safe Deposit company of Pittsburgh, was appointed

guardian of her person and estate, and this petition is presented by it, alleging that the executors are illegally in possession of the real estate, and praying for a decree upon them to surrender possession of the premises to the guardian.

## OPINION.

Under the decedent's will, the minor, Gertie Beilstein, has an estate for life in the Seaton House property, and it may be a fee simple. And unless it was the intention of the testator that the executors should act as testamentary guardians for her during her minority, their possession of the premises is unlawful. While the question is not free from doubt, this seems to have been his intention.

In the same paragraph in which he devises the income of the property to his daughter, he directs his executors to allow her twenty-five dollars per month, until she reaches the age of twenty-one years. He must have intended that this allowance should be made out of the rents, and how could they pay it unless they had the right to the possession and power to lease and collect rents?

The fact that he describes them as executors is immaterial; for, if the duties devolving upon them are those of a guardian, they will be considered as acting in that capacity. It is argued, however, that the minor was to receive the residue of the personalty, and that the allowance was to be paid out of it. But his direction as to that is, that it is to be deposited in bank at interest, and she is not to receive it until she reaches her majority; his intention being that it should accumulate until that period. And if the executors were to hold it, their duties would be those of a guardian or trustee. If the above conclusions are correct, the appointment of the petitioner as guardian of the estate of the minor was inadvertently made.

When the marriage ceremony was performed between Geo. P. Beilstein, the decedent, and the mother of Gertie Beilstein, he had a wife living who was never divorced, and who survived him. The marriage was therefore void, and the minor is his illegitimate child; and it has been suggested that he could not appoint a testamentary guardian for her. Conceding that he could not appoint a general testamentary guardian for her person and estate, yet he could appoint a guardian or trustee for such estate as he gave her by his will. The property belonged

to him, and he could impose such conditions as he saw proper. The fact that the minor was his illegitimate child, is therefore immaterial.

And now, Sept. 11, 1891, this matter came on to be heard upon petition of the Safe Deposit & Trust Co., of Pittsburgh, and answer of the executors, and was argued by counsel, and upon consideration thereof the petition is dismissed, the costs to be paid out of the estate of the minor.

The petitioner appealed.

*Errors assigned* were (1) the dismissal of the petition; (2) the refusal of the decree prayed for.

*J. W. Kinnear*, for the appellant, cited: Bentley v. Kauffman, 86 Pa. 99; Livezey's Ap., 106 Pa. 201; Perry on Trusts, § 116; Pennock's Est., 20 Pa. 268; Schouler on Wills, 481; Smith's Ap., 23 Pa. 9; Ogden's Ap., 70 Pa. 501; Pote's Ap., 106 Pa. 574; Holbrook's Est., 20 W. N. 79 (3 Pa. C. C. R. 265.)

*Arch. H. Rowand, Jr.*, for the appellees.

PER CURIAM, January 4, 1892.

The court below was entirely right in dismissing the appellant's petition. Conceding that the minor, Gertie Beilstein, has at least a life-estate in the " Old Seaton House, situated No. 34 Diamond Square, Pittsburgh," it by no means follows that she is entitled to the present possession of it. The will of George P. Beilstein, under which she claims, creates a trust for her until she becomes of age. In the meantime, she is to be paid twenty-five dollars per month. The corpus of the residuary estate, including the house in question, is to remain in the possession of the trustee until the time for its payment or distribution arrives. It matters not whether we call the executors trustees, or testamentary guardians; the result is the same.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.          C.