## Hewson's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extract from the adjudication of

Gest, J., Auditing Judge.—Anna C. Hewson died July 18, 1931, a widow, without issue, leaving a will admitted to probate on July 23, 1931, when letters testamentary were granted.

Proof of advertisement of notice thereof was produced to the auditing judge.

By her will, the testatrix bequeathed $100 to the Home for the Aged and $100 to the Home for Destitute Children. She directed her executrix to set aside

$100, the income to be used for the perpetual care of her husband's lot in Saint Joachim's Cemetery, and directed her executrix to set aside $100, the income to be used for the perpetual care of her son's lot in Saint Dominic's Cemetery. She bequeathed to the Rector of Saint Joachim's Church $100 and the benefits due her estate from Saint Agnes's Ladies Beneficial Society, which amount to $100, making a total of $200, the same to be used for masses for the repose of her soul. She bequeathed to her sister, Sarah Tatchnell, $600, and devised to her niece, Kathryn O'Donnell, and her husband, Hugh O'Donnell, as tenants by the entireties, premises No. 2925 North Stillman Street; and her residuary estate she gave and devised to the said Sarah Tatchnell, her niece, Kathryn O'Donnell, her husband, Hugh O'Donnell, and their son, John O'Donnell, share and share alike; and she further provided: "And I hereby appoint my Executrix hereinafter named to be the Trustee for her son, the said John O'Donnell, in the event he has not reached his majority at the time of my demise." . . .

John O'Donnell, entitled to one-fourth of the residue, is a minor, born July 6, 1924. The will provides in reference to him that her executrix should be appointed to be the trustee for her son, John O'Donnell, as above quoted.

Mr. Culbert, representing Kathryn O'Donnell, claimed that this share should be awarded to her as guardian of John O'Donnell, and submitted a very full brief on the subject.

The right to appoint a testamentary guardian of a minor is derived from the old statute of 12 Charles II, c. 24, Roberts Digest, page 312, and our present law is contained in section eight of the Wills Act of June 7, 1917, P. L. 403, and its amendments, but the right is confined to the parents of the minor: Melcher's Estate, 3 Phila. 26; Mathiesen's Estate, 22 Dist. R. 481; Garraty's Estate, 1 D. & C. 307. Where, however, a testator, in such an appointment, imposes active duties upon the so-called guardian, the will may be regarded as creating a trust: Penrose, J., in Holbrook's Estate, 18 Phila. 180, citing Vanartsdalen v. Vanartsdalen, 14 Pa. 384, and Lukens's Appeal, 47 Pa. 356. Conversely, if the testator appoints a trustee and imposes duties on the trustee equivalent to those of a guardian, the person so appointed trustee will be considered as guardian: Penrose, J., in Scully's Estate, 10 Dist. R. 731. The difficulty in Mr. Culbert's argument, and his discussion of the statute of uses as inapplicable to a trust of personalty, is that there are no duties whatever imposed by this will upon the person designated as trustee, which provision appears in the cases cited by counsel. In the case of a trustee appointed for a married woman for her sole and separate use, this difficulty does not exist, as the gift is to the married woman, and the sole purpose of the separate use trust is to prevent the interference of her husband. This trust being a dry trust is executed, and so the Supreme Court held in Bradley's Appeal, 15 Phila. 656, which we followed in Manderson's Estate, 25 Dist. R. 569. See on the subject Colehower's Estate, 5 W. N. C. 343, and Beilstein's Estate, 147 Pa. 85.

My conclusion is that the share of John O'Donnell should be awarded to the guardian of his estate when duly appointed and qualified. And, as Henderson, J., pointed out in Garraty's Estate, 1 D. & C. 307, Kathryn O'Donnell, being executrix of the estate, cannot be so appointed: Fiduciaries Act of June 7, 1917, P. L. 447, Sec. 59 (c). . . .

*Joseph A. Culbert*, for exceptant.

PER CURIAM, December 23, 1932.—Testatrix gave a share of her estate to a great nephew, who is a minor. She appointed the executrix, the boy's mother, "Trustee for her son, the said John O'Donnell, in the event he has not reached his majority at the time of my demise." If active duties were to be performed,

the trust might be sustained. As it stands, it is a bare, dry trust, and title is in the minor. We do not regard the reference to the minority of the beneficiary as implying active duties. An award to a guardian of his estate, when duly appointed and qualified, was, therefore, correct.

The exceptions are, therefore, dismissed, and the account is confirmed absolutely.